[No. 2044, April 24, 1918.]
## SKALA v. NEW YORK LIFE INS. CO.

### SYLLABUS BY THE COURT.

1. Evidence examined, and held, that trial court should have directed a verdict for appellant, and that the evidence is insufficient to sustain the verdict and judgment.    P. 79

2. Where the court, in its instructions, assumes the existence of proof of facts sought to be established by evidence excluded by the court, the party thus obtains all the benefit which he could have derived from the admission of such evidence, and the error in excluding such evidence, if error it be, is rendered harmless.    P. 81

3. Evidence examined, and held, that proof of fact that blank forms of proof of death were delivered to a physician by the local agent of the insurance company was improper, in that such evidence was irrelevant.    P. 82

4. Where mere descriptive language is inadequate to convey to the jury the precise facts, witness may state his opinion thereon.    P. 83

5. Evidence tending to show suicide or the motive of the insured in killing himself is admissible.    P. 83

Appeal from District Court, Curry County; Richardson, Judge.

Action by Alice B. Skala against the New York Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions to grant defendant a new trial.

FRANCIS C. WILSON and D. K. SADLER, both of Santa Fe, and JAMES H. McINTOSH, of New York City, for appellant.

PATTON & BRATTON and C. A. HATCH, all of Clovis, for appellee.

### OPINION OF THE COURT.

HANNA, C. J. The appellee, Alice B. Skala, recovered a judgment against the appellant, New York Life Insurance Company, in the sum of $1,000 upon a contract of insurance written upon the life of Phillip A. Skala. From that judgment, the appellant has appealed.

[1] The case, on appeal, turns upon the sufficiency of the evidence to sustain the verdict of the jury; appellant contending that Phillip A. Skala committed suicide within a year after the execution of the policy. The question was raised in the trial court by requesting that a verdict be directed for appellant, and is raised here also by an attack on the sufficiency of the evidence to support the verdict.

The contract of insurance contained the following provision:

"Self-Destruction.—In event of self-destruction during the first insurance year, whether the insured be sane or insane, the insurance under this policy shall be equal to the premiums thereon which have been paid to and received by the company, and no more."

The question for solution is whether the insured committed suicide or died from a cause other than self-

destruction; death having occurred during the first in-
surance year of the policy. Ordinarily the determina-
tion of the jury on such questions is conclusive here,
where the verdict is supported by substantial evidence,
and it is only in thoses cases wherein there is no sub-
stantial evidence to support the verdict that the verdict
is set aside on appeal. The rule has so often been an-
nounced in this court that citation of authority is un-
necessary. A careful examination of all of the evidence
contained in the record makes irresistible the conclusion
that the insured committed suicide. About 4:30 in the
afternoon on the 16th day of February, 1916, a noise
was heard in the bed-room of the insured and shortly
thereafter he was found dead lying upon his bed. In
the forehead was a bullet wound and upon the face ap-
peared powder marks. His right hand lay upon his
breast, loosely clasping a revolver from which one shot
had been fired. In his pocket was found a notebook in
which was written, in substance, either one or the other
of the following statements:

"Hazel Thompson was the nicest and sweetest girl in the
U. S. A. and that is a fact. These are the lines written by
P. A. Skala."
"Hazel Thompson is the best and prettiest girl in the
world. Mrs. Selka is the best woman in the world, and
that's a fact. These are the last lines written by P. A.
Skala. Good bye to you all. P. A. Skala. Dated February
16th (or 14th) 1916."

The sheet in the notebook upon which the substance
of the foregoing statements was written had been torn
from the book in the interim between the time the book
was taken from the person of the insured and the date
of the trial. Hazel Thompson was the stepdaughter
of the insured. Throughout the trial the appellee ob-
jected to the 'method adopted by the appellant in prov-
ing the said statements, but the fact remains that such
evidence was admitted by the trial court and is a part
of the evidence to be considered here. In addition to
the foregoing proof of death by suicide, conflicting evi-

Skala v. N. Y. Life Ins. Co., 24 N. M. 78.

dence appears in the record as to the domestic and financial status of the insured shortly prior to his death. We may completely disregard this evidence, however, because, in our opinion, the evidence of the physical facts surrounding the death of the insured, considered in conjunction with the written statements of the insured, that the lines then written by him were the last lines to be written by him, indubitably established beyond all doubt that the insured committed suicide. The appellee states in her brief that it is her theory that the deceased came to his death by accident, or by some means other than suicide. Counsel for appellee also say that the evidence is just as susceptible of a construction to the effect that the deceased did come to his death by accident as that he committed suicide. We cannot agree with counsel in this contention. Every fact of importance discloses that the insured committed suicide. The physical facts and the statement contained in the notebook of the insured leave no doubt as to this matter. Different opinions as to the conclusion to be drawn therefrom could not reasonably be formed, and the trial court should have directed a verdict for the appellant upon the motion made therefor. We cannot account for the conclusion of the jury, but are satisfied that no substantial evidence supports that conclusion, and consequently the same will be set aside. As this conclusion depends upon the facts alone of this case, we see no necessity for referring to the numerous cases cited by the parties to this appeal.

[2] A deposition of an officer of the appellant company was read in evidence on the part of the appellant. It tended to prove that appellee had transmitted to appellant the proof of death of the insured. This proof was made up of three separate papers; viz. statement of the appellee, statement of physician, and statement of a friend. The physician's statement was made upon a company form. The fourteenth question and the answer thereto were as follows:

"Was there any special cause, direct or indirect, for the death, in the use of alcoholic beverages, drugs, occupation, or residence of the deceased? Suicide."

The court admitted the statement in evidence, but restricted its effect to proof of death only, and in the first instance so instructed the jury. Complaint is made of this by appellant, but it is rendered immaterial by the fact that the court subsequently instructed the jury that:

"Plaintiff having in her proof of death stated to the company that the death was by suicide, it is incumbent on her to satisfy the jury that in this statement she was mistaken, and that the death was the result of accident."

The same conclusion applies to the action of the trial court in striking out the answer of the physician to the fourteenth question contained in the physician's statement. The doctrine applicable to these two propositions is that, where the court in its instructions assumes the existence or proof of facts sought to be established by evidence excluded by the court, the party thus obtains all the benefit which he could have derived from the admission of such evidence, and the error, if error it be, is rendered harmless. 38 Cyc. 1468. The court, in the case at bar, having assumed that appellee stated in her proof of death that the insured committed suicide, gave to the appellant the full benefit of such evidence, and consequently the error in excluding such evidence, if error it was, is rendered harmless.

[3] Over the objection of the appellant, the appellee was permitted to prove that the blank form upon which the physician's statement was written was delivered to the physician by the local agent of the insurance company, who received the same from the appellant. The evidence constituting the proof of death of the insured, introduced by appellant, was attacked by appellee on the ground that she was not responsible for statements appearing in the physician's statement, because she had no knowledge thereof and did not read

the same. In the light of the facts we do not believe such testimony was relevant. Fraud on the part of the agents of the insurance company was hardly intimated, much less proved. We do not anticipate that this proposition will arise upon the retrial of this case. If it does, its admissibility will depend upon its relevancy.

[4] Evidence on behalf of the appellant was admitted showing that the witness Marsh and the insured had a conversation on February 16, 1916, in which, among other things, the insured stated that he did not know what he was going to do with himself, but that it would not be long until he would know. He also stated facts tending to disclose that he was having domestic troubles. The witness Marsh was then asked to state whether or not the insured was in a despondent mood, and the court struck out the answer that he was very despondent. The rule by which the trial court will be guided in the event this proposition arises on the retrial of this case is stated in State v. Cooley, 19 N. M. 91, 109, 140 Pac. 1111, 1117 (52 L. R. A. [N. S.] 230), and is as follows:

"Where mere descriptive language is inadequate to convey to the jury the precise facts, or their bearing on the issue, the description of the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in a position to make the final decision of the facts."

In that case we held that it was error not to permit a witness to state that the relations between the appellant and the deceased, shortly prior to the homicide, appeared to be friendly.

[5] The foregoing item of evidence, and other evidence appearing in the record, was stricken out by the trial court on the theory that the same did not indicate or prove a suicidal purpose. All evidence tending to show suicide or the motive of the insured in killing himself is admissible. See Goldschmidt v. Mutual Life Ins Co. of N. Y., 134 App. Div. 475, 119 N. Y. Supp. 233; Furbush v. Md. Cas. Co., 131 Mich. 234, 91 N. W.

135, 100 Am. St. Rep. 605. The fact that the insured may have been deeply depressed or despondent shortly before his death was material and relevant to the issue as to whether in fact he committed suicide or not, and its weight was a matter for the consideration of the jury.

For the reasons stated the judgment of the trial court will be reversed and the cause remanded, with instructions to grant to the appellant a new trial; and it is so ordered.

PARKER and ROBERTS, J.J., concur.